UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JOSEPH BATTLE, JR., | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:17-cv-00131-JDL |
| MAINE DEPARTMENT OF HUMAN SERVICES, et al., | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Joseph Battle, Jr., an inmate in the custody of the Maine Department of Corrections, seeks to recover damages from several defendants as the result of various state court family law proceedings.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 7), which application the Court granted. (ECF No. 10.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

Plaintiff, dissatisfied with the conduct and outcome of state court family law proceedings, filed this federal action against the Maine Department of Health and Human Services, Somerset County, the State of Maine, the state District Court in Bangor, and three attorneys. While the exact nature of Plaintiff's alleged loss or damage is not entirely clear, the allegations in the complaint suggest the state court proceedings adversely affected Plaintiff's parental rights.

Plaintiff alleges that the Department managed his "case information" to create a negative impression of him in the course of the proceedings, that the named attorneys had conflicts of interest which worked against Plaintiff, that the Somerset County Probate Court

---
[1] The facts set forth herein are derived from Plaintiff's complaint.

3

did not provide him with notice of certain proceedings, and that the state District Court did not act on a number of motions filed in the court.[2]

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Plaintiff attempts to assert a claim against the State of Maine, a state executive agency, and Maine courts. The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.,* 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the

---

[2] Plaintiff maintains that the State of Maine is also responsible for the events of which he complains because the Department of Human Services, the courts, and the attorneys all acted in agency to the State. (*Id.*)

4

Eleventh Amendment."). Plaintiff, therefore, cannot pursue a claim in this Court against the State of Maine, its courts, and its executive departments.

Furthermore, this court does not have jurisdiction to review the final judgments and decisions of state courts. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) ("The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005))); *Silva v. Massachusetts*, 351 Fed. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance*, 546 U.S. at 463)). Here, Plaintiff clearly asks the Court to review the state court proceedings and decisions of the state courts. This Court thus lacks jurisdiction to consider Plaintiff's claim against the state courts.

Plaintiff also asserts a claim against three attorneys involved in one or more parental rights matters in the state courts. The federal civil rights act, which provides a cause of action against persons[3] who violate the federal rights of others, applies when the defendant's conduct was carried out under color of state law. 42 U.S.C. § 1983. Although Plaintiff alleges a violation of his constitutional rights, private attorneys are not state actors, even when they are court appointed. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state

---

[3] The State of Maine and its agencies are not "persons" within the meaning of section 1983 and, therefore, cannot be sued under section 1983. *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)).

5

actor 'under color of state law' within the meaning of § 1983."); *Malachowski v. Keene*, 787 F.2d 704, 710 (1st Cir.) ("A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law."), *cert. denied*, 479 U.S. 828 (1986). Plaintiff, therefore, has not asserted an actionable claim within this court's federal question jurisdiction under 28 U.S.C. § 1331. Additionally, because Plaintiff and the attorney defendants are citizens of the State of Maine, this Court cannot exercise diversity jurisdiction, under 28 U.S.C. § 1332, over any negligence claims or any other claims arising under state law.

Plaintiff has also failed to assert a claim against Somerset County. Plaintiff complains about the conduct of the Somerset County Probate Court. While municipalities are considered to be persons subject to liability under 42 U.S.C. § 1983, the authority to control procedure in probate court rests with the Maine Supreme Judicial Court. *See* 4 M.R.S. § 8 ("The Supreme Judicial Court has the power to prescribe, by general rules, for the Probate, District and Superior Courts of Maine, the forms of process, writs, pleadings and motions and the practice and procedure in civil actions at law."). In other words, the Somerset County Probate Court is part of the State of Maine Probate Court. Accordingly, Plaintiff has not asserted an actionable claim against Somerset County.[4]

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.

---

[4] To the extent Plaintiff seeks to assert a claim against the State of Maine for the conduct of the Somerset County Probate Court, as explained above, Plaintiff cannot proceed against the State of Maine.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of May, 2017.